**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 21 2017

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-33856 |
| | ) | |
| Leslie M. Rombkowski, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY

This cause comes before the court on Charles E. Boyk Law Offices LLC and Charles E. Boyk, individually (collectively, "Movants") Motion for Relief from Stay ("Motion") [Doc. # 8], Debtor's Objection to the Motion for Relief from Stay [Doc. # 11], Debtor's Response to the Motion [Doc. # 30], and Movants' Reply to Debtor's Response. [Doc. # 32]. The matter was set for Hearing and rescheduled to February 17, 2017, at which time the court set deadlines for the parties to file any additional written arguments and/or responses. The matter is now decisional.

### FACTUAL BACKGROUND

On December 16, 2016, the Debtor, Leslie M. Rombkowski, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

On January 11, 2017, Movants, Charles E. Boyk Law Offices LLC and Charles E. Boyk, individually, filed their Motion for Relief from Stay. Movants have also filed a bankruptcy adversary complaint against the Debtor, seeking determination of nondischargeability of their claims under 11 U.S.C. §§523(a)(2), 523(a)(4) and 523(a)(6). This adversary proceeding is pending before this Court and has been assigned case number 17-03012. ("Adversary Proceeding").

The Adversary Proceeding brought by Movants arises from the alleged embezzlement, theft, conversion, and misappropriation of funds by the Debtor while she was employed as the Office Manager for the Charles E. Boyk Law Offices, LLC. [Case. No. 17-3012, Doc. # 1]. More than eight months prior to the filing of Debtor's Chapter 7, Movants had, on April 5, 2016, commenced an action in the Lucas County Court of Common Pleas against the Debtor and her husband, in Case Number CI0201602200 ("State Court Action").

In the State Court Action, Movants allege that Debtor "engaged in a course of conduct over an extended period of time involving the embezzlement of funds from the Firm and from accounts maintained by the firm . . . ." [Doc. # 8, ¶ 7]. Based upon those accusations, Movants filed suit against Debtor and her husband, who allegedly benefitted from Debtor's "wrongful conduct, for, *inter alia*, theft, conversion, embezzlement and fraud." [*Id.*]. The State Court Action was pending at the time Debtor filed her bankruptcy petition. At the time Debtor's petition was filed, discovery in the State Court Action had commenced, and the matter had been scheduled for a jury trial on June 6, 2017. [Doc. # 8-2, Pl. Exhibit B, p. 5-6].

In its Motion, Movants ask that the Court lift and modify the automatic stay pursuant to 11 U.S.C. §362(d) to permit the "Movants in the [State Court Action] to proceed to final judgment regarding Movants' claims, provided that any final orders or judgments entered by Lucas County Court Pleas [sic] are subject to the jurisdiction of this Court . . ." [Doc. # 8, p. 6]. Movants' argument heavily relied on citations to this court's prior unpublished decision granting a motion for relief from stay, *In re Dawson*, Case No. 15-32286, at Doc. # 37 (N.D. Ohio Nov. 30, 2015), which is attached herein as Exhibit A.

In her Response, Debtor focuses on the issue of judicial economy. She argues that if the court is to consider judicial economy in making its decision on the Motion, factors such as the State Court Action being tried by a jury, in addition to the "state court litigation calendar" and "the crime levels in the Lucas County metro area in 2017" should support a ruling in her favor. [Doc. # 30, p. 2]. Debtor believes that a trial in the State Court Action would not take place for "months or even a year or longer", due to ongoing discovery and other motions the Debtor may or may not file. [*Id.*, p. 3]. Debtor appears to argue that issues regarding spousal self-incrimination, and the development of "potential defenses . . . with the filing of the bankruptcy case", will further delay the state court trial, and she posits that "[t]he bankruptcy estate and the creditors are certainly better served by the trial in the Bankruptcy Court." [*Id.*, p. 3-4].

2

In their Reply, Movants state that they wish to proceed with the State Court Action "so as to determine and then liquidate the Debtor's liability under the claims they have brought in that action." [Doc. # 32, p. 2]. They dispute Debtor's "speculative assumptions" regarding a judicial economy argument that would support a finding against relief from stay. [*Id.*, p. 3]. Movants argue that the scope of Debtor's discovery at the state court level would be no different from her scope of discovery in this court, if relief were not granted and issues were to be tried in the bankruptcy court. Although they acknowledge that the state court trial will "not likely proceed as planned", Movants assert that the fact that the State Court Action is to be tried by a jury "lends itself in favor of, and not against, granting relief from stay." [*Id.*, p. 5].

## LAW AND ANALYSIS

The Bankruptcy Code provides in Section 362(d)(1) that the bankruptcy court may grant relief from the automatic stay for cause, but it does not provide a definition of what constitutes sufficient "cause" to warrant granting a creditor relief from stay. *Laguna Associates Limited Partnership v. Aetna Casualty & Surety Co.*, 30 F.3d 734, 737 (6th Cir. 1994). Rather, bankruptcy courts must determine whether sufficient cause exists on a case-by-case basis. *Id.*; *In re Chari*, 262 B.R. 734, 737 (Bankr. S.D. Ohio 2001). The court is not without guidance on the matter, as bankruptcy decisions have discussed the factors a court may consider when ruling on a Motion for Relief from Stay:

> The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Garzonie v K-Mart Corp. (In re Garzoni)*, 35 Fed.Appx. 179, 181 (6th Cir. 2002) (*citing, In re United Imports Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)). *See also, Junk v. CitiMortgage, Inc. (In re Junk)*, 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014).

The court has reviewed cases, such as the ones referenced above, which set forth multi-part tests for determining whether or not relief from stay should be granted to allow a trial in another court. *See e.g.*, *In re Medical Care Management Co.*, 361 B.R. 863, 877 (Bankr. M.D. Tenn. 2003); *In re Cummings*, 221 B.R. 814, 818-819 (Bankr. N.D. Ala. 1998).

While Debtor's Response to the Motion argues that judicial economy and trial readiness

3

support a ruling against the Motion, the court finds that those same factors weigh in favor of granting relief and allowing the State Court Action to proceed.

When stayed non-bankruptcy litigation has reached an advanced state, courts are willing to lift the stay to allow the litigation to proceed. *In re Martin*, 542 B.R. 199 (B.A.P. 6th Cir. 2015); *see also, In re Murray Indus.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990); *In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989); *cf. In re Sonnax Indus.*, 907 F.2d 1280, 1287 (2d Cir. 1990) (declining to lift stay, in part, because "the litigation in state court has not progressed even to the discovery state."); *In re Collins*, 118 B.R. 35 (Bankr. D. Md. 1990) (declining to lift stay where parties in state court had not begun discovery).

Here, the State Court Action was commenced more than eight months before Debtor filed her bankruptcy petition, and the state court ordered on September 23, 2016, more than two months before Debtor's petition was filed, that a jury trial was to be held on June 12, 2017 [Doc. # 8-2, p. 6]. . The "trial readiness of the proceeding in the non-bankruptcy forum" appears to favor the state court action. *See*, *Cummings*, 221 B.R. at 818.

Further, a bankruptcy court should pay attention to the point to which the non-bankruptcy litigation has progressed, "based on the sound principle" that the further litigation has progressed, "the more unfair it is to force the plaintiff suing the debtor-defendant 'to duplicate all of its efforts in the bankruptcy court.'" *Int'l Bus. Machs. v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 737 (7th Cir. 1991) (*quoting*, *In re Murray Indus.,* 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990)).

In the Sixth Circuit Bankruptcy Appellate Pane's decision in *Martin* (issued shortly after this court's decision in *Dawson*) the BAP affirmed the bankruptcy court's decision granting relief from stay when the state court litigation involved "state law fraud issues, additional parties not involved in the bankruptcy court proceeding, and a jury demand", and when "[t]he state court litigation [was] further along than the bankruptcy court." *Martin*, 542 B.R. at 203. Here, the State Court Action does deal with state law fraud-related issues, such as embezzlement. It also deals with a party (Debtor's husband) not involved in the bankruptcy court proceeding, a jury demand by Plaintiff, and state court litigation that is certainly further along than the bankruptcy court litigation. These factors weigh in favor of granting Movants' Motion.

Further, from a judicial economy perspective, if this court were to hold a trial on both liability and dischargeability, it appears that Defendant-Debtor would be testifying in more than one

4

proceeding - the State Court Action and the trial in this court. And the potential outcome in the state court action could result in at least one fewer trial, if Defendants prevail.

Finally, the cause of action asserted by Movants is based upon Ohio law. While this court regularly determines issues rooted in Ohio law, in determining liability and damages through the jury trial process, the state court is dealing with its bread-and-butter issues. As the Fourth Circuit *Robbins* court stated: where the issues in the pending litigation "involve only state law, . . . the expertise of the bankruptcy court is unnecessary." *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir. 1992).

Moreover, it appears that Movants have requested a jury trial, which the BAP stated in *Martin* was a factor in favor of granting relief from stay. *In re Martin*, 542 B.R. at 203-204. Proceeding in state court will afford Plaintiffs the right to have a jury determine both liability and damages.

For all of the reasons stated herein, the court finds that "cause" has been shown for the granting of relief from stay. Therefore, good cause appearing,

**IT IS ORDERED** that Movants' Motion be, and hereby is, **GRANTED;** and

**IT IS FURTHER ORDERED** that the automatic stay imposed by §362 of the Bankruptcy Code is modified with respect to the Movants, their successors and assigns, to allow litigation to continue in the State Court Action, pending in the Court of Common Pleas of Lucas County, Ohio as Case No. CI0201602200, thereby allowing the Court of Common Pleas of Lucas County, Ohio to proceed in the matter.

# # #

# Exhibit A

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32286 |
| | ) | |
| Jeffrey Wayne Dawson, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |
| | ) | |

### ORDER GRANTING MOTION FOR RELIEF FROM STAY FILED BY MORTON BUILDINGS, INC.

This cause comes before the court on Morton Buildings, Inc.'s ("Movant", "Morton", or "Morton Buildings") Motion for Relief from Stay [Doc. #26], Debtor's Objection to Motion for Relief from Stay [Doc. #32], and Morton Building's Reply to Debtor's Objection to Motion for Relief from Stay. [Doc. #34]. The matter was set for Hearing on November 20, 2015, at which time the court heard arguments from counsel for Morton Buildings and the Debtor.

### FACTUAL BACKGROUND

On July 13, 2015, the Debtor, Jeffrey Dawson, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code.

On October 28, 2015, the Movant, Morton Buildings Inc. filed its Motion for Relief from Stay ("Motion"). Morton Buildings has also filed a complaint against the Debtor, seeking for its claim a determination of nondischargebility under 11 U.S.C. §§523(a)(2) and 523(a)(6). This adversary proceeding is pending before this Court and has been assigned case number 15-03082. ("Adversary Proceeding").

The Adversary Proceeding brought by Morton arises from allegedly wrongful actions taken by the Debtor while he was a salesman and construction manager for Morton and while he was operating under an employment agreement with Morton. Regarding such allegations, Morton had, in 2013, commenced an action in the Allen County Court of Common Pleas, in a case entitled *Morton Buildings, Inc. v. Jeffrey Dawson, et al.*, Case Number CV20130453 ("Allen County Action").

In the Allen County Action, Morton, in an amended complaint, raised nine counts against the Debtor: (1) Fraud; (2) Conversion; (3) Conspiracy; (4) Theft; (5) Unjust Enrichment; (6) Breach of Contract, stemming from a Violation of a Non-compete Agreement: (7) Breach of Contract, based upon the misappropriation of trade secrets; (8) Breach of Contract, based upon the Faithless Servant Doctrine; and (9) Tortious Interference with Prospective Business Relations.

In its Motion, Morton asks that the Court modify the automatic stay of 11 U.S.C. §362(a) for "cause" so as to allow the "Allen County Action to resume and to allow such further litigation to occur in the Allen County Action as necessary to enable the Court of Common Pleas to enter such final orders as are necessary to complete the Allen County Action, . . ." [Doc. # 26, p. 7].

In addition to non-bankrupt defendants, one of the defendants in the Allen County Action filed a Chapter 7 proceeding in 2010 [Case No. 10-37438, Doc. # 1], which is currently pending before the Honorable Mary Ann Whipple. Debtor Jared R. Bennett ["Bennett"], also filed an adversary proceeding against Morton Buildings, with a counterclaim having been filed by Morton Buildings. *See*, *Jared R. Bennett v. Morton Buildings, Inc.*, Case No. 14-03244 ("Bennett Adversary"). It was represented at the Hearing that many of the claims against Bennett are agreed to have arisen post-filing. Accordingly, he will be participating as a defendant in the Allen County Action as to those post-filing claims.

The Allen County Action had been scheduled for trial on January 5, 2015, and was stayed when the Bennett Adversary was filed against Morton Buildings.

## LAW AND ANALYSIS

Section 362(d)(1) does not provide a definition of what constitutes sufficient "cause" to warrant granting a creditor relief from stay. *Laguna Associates Limited Partnership v. Aetna Casualty & Surety Co.*, 30 F.3d 734, 737 (6th Cir. 1994). Instead, bankruptcy courts must determine whether sufficient cause exists on a case-by-case basis. *Id.*; *In re Chari*, 262 B.R. 734, 737 (Bankr. S.D. Ohio 2001).

The court has reviewed cases which set out multi-part tests for determining whether or not relief from stay should be granted to allow a trial in another court. *See e.g.*, *In re Medical Care Management Co.*, 361 B.R. 863, 877 (Bankr. M.D. Tenn. 2003); *In re Cummings*, 221 B.R. 814, 818-819 (Bankr. N.D. Ala. 1998).

Several factors weigh in favor of granting relief and allowing the determination as to liability and damages to be decided in the state court. First, the state court case was scheduled for trial before the bankruptcy case was filed. The "trial readiness of the proceeding in the non-bankruptcy forum" appears to favor the state court action. *See*, *Cummings*, 221 B.R. at 818.

Judicial economy is difficult to foresee, but it appears that if relief from stay is granted the state court matter will go forward with all defendants participating in that case. If Defendant-Debtor is successful in his defense, there would be nothing for this court to determine as there would be no debt. On the other hand, if the Plaintiff were to prevail, the proceedings in this court would be limited to just the issue of dischargeability of the previously determined judgment.

If the court were to hold a trial on both liability and dischargeability, it would be likely that Defendant-Debtor would be testifying in three proceedings - the action against Bennett for pre-filing liabilities (if any), the state court action involving the other defendants, and the trial in this court. Potentially, the result in the state court action could result in at least one fewer trial.

The cause of action asserted by Morton Buildings is based upon Ohio law. While this court regularly deals with issues of Ohio law, in determining liability and damages through the jury trial process, the state court is dealing with its bread-and-butter issues. Or, as the Fourth Circuit Court of Appeals stated it: where the issues in the pending litigation "involve only state law, . . . the expertise of the bankruptcy court is unnecessary." *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342 (4th Cir. 1992). If liability and damages are found, the effect of the above captioned Chapter 7 on that judgment will be determined by this court.

Having all of the parties to the dispute in a single trial on the issues of liability and damages would appear to have the advantage of providing the fact finder the opportunity to hear arguments from all parties. Further, a single action reduces the risk of inconsistent judgments.

Moreover, the Plaintiff has requested a jury trial. Proceeding in state court will afford Plaintiff the right to have a jury determine both liability and damages.

Finally, this is not a situation where other parties would be adversely affected by the granting of relief. This is not a situation where the litigation would potentially delay a reorganization effort,

or potentially delay a distribution to creditors.  Instead, it appears that the impact of the litigation is limited to the parties involved in the dispute.

For all of the above reasons the court finds that "cause" has been shown for the granting of relief from stay.  Accordingly,

**IT IS ORDERED** that Morton Building's Motion be, and hereby is, **Granted;** and

**IT IS FURTHER ORDERED** that the automatic stay imposed by §362 of the Bankruptcy Code is modified with respect to the Movant, its successors, and assigns, to allow litigation to continue in the Allen County Action, pending in the Court of Common Pleas of Allen County, Ohio as Case No. CV 2013 0453, allowing the Court of Common Pleas of Allen County, Ohio to enter final judgment regarding liability on all claims pending before that Court, provided however, that following entry of final judgment, Movant shall not attempt to enforce any such judgment against Jeffrey Wayne Dawson until this court determines, pursuant to this court's exclusive jurisdiction over issues relating to 11 U.S.C. §§523(a)(2) and 523(a)(6), whether or not any such obligation is non-dischargeable through the entry of an appropriate order in the Adversary Proceeding, pending in this court under case number 15-03082.

# # #